UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO: 07-44 |
| CAESAR WILLIAMS | * | SECTION: "D" |

## **ORDER AND REASONS**

Before the court are the **"Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence"** filed by Caesar Williams. The Government filed a response memorandum. Having reviewed the parties' briefs, the record and the applicable law, the court concludes that:

> (1) an evidentiary hearing is not necessary because all of the facts underlying the claims raised in this § 2255 Motion are contained in the record, and the resolution of Petitioner's claims depends solely upon the application of the relevant case law and standard of reviews to facts that are already part of the record; and

(2) the § 2255 Motion should be denied.[1]

## I. Background

On February 15, 2007, Williams was charged with one count of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§841 & 841(b)(1)(B). (*See* Doc. No. 1, Indictment, Count 1).

On June 13, 2007, Williams pled guilty to the Indictment pursuant to a plea agreement wherein the Government agreed not to pursue a sentencing enhancement under 21 U.S.C. §851. (*See* Plea Agreement, Doc. No. 23; Factual Basis, Doc. No. 22; & Rearraignment Transcript, attached as an Exhibit to Government's Opposition, Doc. No. 45).

Before accepting his guilty plea, the court instructed Williams that "[i]f you don't understand any question, please have me repeat it because it's essential to a valid plea that you understand the questions before you answer them."  (Rearraingment

---

[1] On March 2, 2009, the court initially issued "Order and Reasons" (Doc. No. 49) and "Judgment" (Doc. No. 50) denying the **"Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence"** filed by Caesar Williams. Both of these documents were entered into the record on March 2, 2009. On February 27, 2009, Williams filed a "Motion for Extension of Time to File a Reply to Government's Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255" (Doc. No. 51), but this motion was not entered until March 3, 2009 (after entry of Judgment).

The court accordingly vacated and rescinded its "Order and Reasons" (Doc. No. 49) and "Judgment" (Doc. No. 50), and granted Williams' "Motion for Extension of Time to File a Reply to Government's Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255" (Doc. No. 51), granting Williams a thirty (30) day extension to Monday, **April 6, 2009**, to file a reply to the Government's Response to his §2255 Motion to Vacate. (*See* Order, Doc. No. 52). As of **May 6, 2009**, Williams did not file a reply to the Government's response.

TR. at 2). The court also instructed Williams that he could "confer with [his] lawyer on any question before [answering] it." (*Id*. at 2-3). Williams assured the Court that he had "ample opportunity" to discuss his case with his lawyer and was satisfied with the services of his lawyers (*Id*. at 4).

During the Rule 11 colloquy with the court, Williams further affirmed that he had discussed with his lawyer the charge that he intended to pled guilty to, and that he in fact did the act charged in Count 1. ( *Id*. 5-6). The court advised Williams of (and Williams acknowledged he understood that) the maximum possible sentence that could be imposed was forty years imprisonment with a mandatory minimum term of five years imprisonment, a fine of two million dollars, at least four years supervised release, and a mandatory special assessment fee of $100. (*Id*. at 6). Williams further acknowledged he understood that the court could impose the maximum possible sentence. (*Id*. at 6-7).

In pleading guilty, Williams affirmed that he had discussed the sentencing guidelines with his lawyer. He acknowledged his understanding that the court was not bound by those guidelines; if the court found the guidelines did not take into account relevant facts concerning Williams or the crime to which he was seeking to plead guilty, the court could choose to sentence him to a sentence either greater or less than the guidelines. (*Id*. at 7).

Pursuant to the written plea agreement with the Government, the "Government [agreed] that should the Court accept the Defendant's plea of guilty as to Count One of the Indictment, the

3

Government [would] not pursue a sentence enhancement under Title 21, United States Code, Section 851." (Plea Agreement, Doc. No. 23 at 1).

During the Rule 11 colloquy, the following exchange was made between the Court and Williams:

> THE COURT: Did you read this [plea agreement] before you signed it?
>
> THE DEFENDANT: Yes sir, I did.
>
> THE COURT: Did you discuss it with your lawyer?
>
> THE DEFENDANT: Yes, sir, I did.
>
> . . .
>
> THE COURT: Now, in reviewing this [plea agreement], it looks like that the government has agreed that it will not pursue a sentence enhancement under Title 21 of the united States Code, Section 851. Do you understand that that's the bargain you're making?
>
> THE DEFENDANT: Yes, sir, I do.
>
> THE COURT: Now, have there been any other promises to you to get you to plead guilty, other than what's contained in this document?
>
> THE DEFENDANT: No, sir, it hasn't.
>
> THE COURT: So if I want to know what it is that the government promised you, it's all contained in this document, there is no other side agreements?

THE DEFENDANT: Yes, sir, all in the document.

(*Id.* at 9).

In the plea agreement, Williams also "waive[d] his right to contest his conviction and/or sentence in any collateral proceedings, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the Defendant may bring a post conviction claim if the Defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver ... collateral challenge rights.... (Plea Agreement, Doc. No. 23 at 2).[2]

After accepting Williams' guilty plea, the court told William that the court would order a Pre-sentence Investigation Report (PSR). The court further urged Williams to cooperate with the Probation Office, so that the report would contain accurate information because the report was important in the court's determination of his sentence. (Rearraignment TR. at 11).

The Probation Officer assessed Williams with thirteen criminal history points, which included one point (under U.S.S.G. §4A1.1(c)) for Williams' 1999 conviction for simple battery in the 32nd Judicial District Court, Houma, Louisiana. (November 27, 2007 revised PSR at ¶32). The Probation Officer then determined that Williams' thirteen criminal history points established a criminal

---

[2] Williams also waived his right to appeal his conviction and sentence, subject to the reservation of the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. (Plea Agreement, Doc. No. 23, p. 2).

5

history category of VI. (*Id*. at ¶50). Williams' total offense level was 21, resulting in a guideline range of 77-96 months of imprisonment. (*Id*. at p. 16).

Counsel for Williams filed a Sentencing Memorandum seeking a downward and/or non-guideline departure. Counsel argued in part:

> While it is true that the Pre-sentence report does result in a Criminal History Category of VI, it should be noted that (4) four of those points result for pleas to misdemeanors, which under the new guidelines need not be automatically assessed against the Defendant, but rather should be considered after considering the seriousness of the offenses and a "common sense approach" to the effect they should have on the sentencing for the instant offense.

(Williams' Sentencing Memo. at 2).[3]

At the Sentencing Hearing on December 19, 2007, Williams' counsel again disputed the criminal history category. (Sentencing TR., Doc. No. 44, p. 4). The court affirmed the PSR sentencing range recommendation, and sentenced Williams to 96 months as to Count 1 (with five years supervised release). (*See* Sentencing Transcript, Doc. No. 44). Judgment was entered on December 20, 2007. (Doc. No. 39). Williams did not file a notice of appeal.

On December 22, 2008, Williams filed this §2255 motion on the following grounds: (1) he was sentenced in the wrong criminal history category because, in the calculation of his thirteen (13) criminal history points, he was wrongly assessed one criminal

---

[3] In response to Williams' Sentencing Memorandum, the Government filed a response arguing that the inclusion of Williams' prior misdemeanor convictions in his offense history calculations were appropriate.

6

history point for a ten day sentence on a state misdemeanor conviction of simple battery; and (2) he received ineffective assistance of counsel because counsel "failed to investigate Petitioner's criminal history category resulting in Petitioner being sentenced in the wrong criminal history category." (*See* Williams' §2255 Motion & Supporting Memo, Doc. No. 40). Williams argues that had the one point for the simple battery conviction not been counted, he would have been assessed twelve (12) criminal history points resulting in a criminal history category of V (instead of VI) and subject to a lower advisory sentencing guideline of 70-87 months (instead of 77-96 months).

The Government opposes the motion on substantive grounds.[4] As the court next discusses, Williams is not entitled to §2255 relief on any of the claims asserted.

## II. Legal Analysis

### A. Assessment of Criminal History Point for Simple Battery

The United States Sentencing Commission Guideline Manual (U.S.S.G.) §4A1.1 provides in pertinent part:

> Criminal History Category
>
> The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a)   Add **3** points for each prior sentence of imprisonment exceeding one year and one month.

---

[4] Again, Judgment was entered on December 20, 2007. (Doc. No. 39). In its opposition to Williams' §2255 motion, the Government notes that, while Williams' §2255 motion was filed on December 22, 2008, Williams signed his Memorandum in Support of his motion on November 17, 2008. Therefore, the Government elected to address the substantive issues raised in Williams' motion and does not raise the one year procedural, untimeliness issue.

7

> (b) Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this item.

(U.S.S.G. §4A1.1, November 1, 2007 ed.).

U.S.S.G. §4A1.2(c) provides:

> <u>Sentences Counted and Excluded</u>
>
> Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
>
> > Careless or reckless driving
> > Contempt of court
> > Disorderly conduct or disturbing the peace
> > Driving without a license or with a revoked or suspended license
> > False information to a police officer
> > Gambling
> > **Hindering or failure to obey a police officer**
> > Insufficient funds check
> > Leaving the scene of an accident
> > Non-support
> > Prostitution
> > **Resisting arrest**
> > Trespassing
>
> (2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
>
> > Fish and game violations
> > Hitchhiking
> > Juvenile status offenses and truancy
> > Local ordinance violations (except those

>violations that are also violations under criminal law)
>Loitering
>Minor traffic infractions (e.g., speeding)
>Vagrancy.

(U.S.S.G. §§4A1.2(c), November 1, 2007 ed.)(emphasis added).

In paragraph 32 of the November 27, 2007 revised PSR, Williams was assessed one point for his 1999 conviction for simple battery in the 32nd Judicial District Court, Houma, Louisiana, No. 316-731. (*See* PSR at ¶32). The probation officer assessed the one point based on U.S.S.G. §4A1.1(c). (*Id.*).

In his §2255 motion, Williams contends that he should not have been assessed this one point because he was only sentenced to ten days in jail and pursuant to U.S.S.G §4A1.2(c)(1)(A), a sentence is included if the term of imprisonment is at least thirty days. At the outset, the court finds that Williams waived his right to bring this post-conviction claim. (Plea Agreement, Doc. No. 23, p. 2). Further, the court's "technical application of the Guidelines does not give rise to a constitutional issue cognizable under §2255." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

Even if Williams' §2255 claim was properly before this court, the court finds that his argument that he was erroneously assessed one criminal history point for his simple battery conviction is flawed, because Williams ignores U.S.S.G. §4A1.2(c)(1)(B), which counts a sentence for a prior offense similar listed therein: Careless or reckless driving; contempt of court; disorderly conduct or disturbing the peace; driving without a license or with

9

a revoked or suspended license; false information to a police officer; gambling; **hindering or failure to obey a police officer**; insufficient funds check; leaving the scene of an accident; non-support; prostitution; **resisting arrest**; and trespassing. (U.S.S.G §4A1.2(c)(1)(B))(emphasis added).

The commentary to U.S.S.G §4A1.2(c)(1) instructs:

> *(A) <u>In General</u>. – In determining whether an unlisted offense is similar to an offense listed in subdivision (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (I) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.*

(Commentary to U.S.S.G §4A1.2(c)(1), p. 375 of Guidelines Manual).

In the ¶¶33-35 of the PSR, the Probation Officer described the circumstances surrounding Williams' simple battery:

33. The Defendant was represented by counsel. According to the police report, on July 27, 1998, City of Houma Police officers observed the defendant as he was driving a motor vehicle near the intersection of St. Joseph and Roseland Street in Houma, Louisiana. Officers were cognizant of the fact that the Defendant was wanted on outstanding warrants, and requested that he pull his vehicle over for questioning.

34. As the officers instructed the Defendant to place his hands on the vehicle, the Defendants turned away from his vehicle, and attempted to walk away. At that time, the officers attempted to subdue and arrest the Defendant, but the Defendant continued to resist arrest. The Defendant was subsequently

10

>     forced against the left quarter of the police unit, which in turn caused substantial damage to the vehicle.
>
> 35. Officers physically placed the defendant on the ground as he continued to flail his arms wildly during the scuffle, striking one of the officers on the left side of his head and in the mouth. The defendant was subsequently handcuffed and apprehended and placed into the patrol unit for transfer. He was transported to th Terrebonne Parish Criminal Justice Complex, where he was booked for battery of a police officer and resisting arrest.

(PSR at 33–35).

The court concludes that these details of Williams's simple battery show that Williams' simple battery was similar to the offenses listed in U.S.S.G. §4A1.2(c)(1)(namely, hindering or failure to obey a police officer and resisting arrest), and that Williams was properly assessed with one criminal history point for his simple battery sentence under U.S.S.G. §4A1.1(c).

**B.  Ineffective Assistance of Counsel?**

Under his plea agreement, Williams "may bring a post conviction claim if [he] establishes that ineffective assistance of counsel directly affected the validity of [his] waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. (Plea Agreement, Doc,. No. 23, p. 2); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

In his memorandum in support of his §2255 motion, Williams argues that his counsel "should have been aware that a clear objection to the PSI existed concerning the computation of criminal history points and assigning criminal history category."

11

(Williams' §2255 Memo. at p. 13). While Williams "claims ineffective assistance of counsel ... he does not claim that the waiver in his plea agreement was unknowing or involuntary. That plea required [Williams] to forego his right to relief in appeals just like this one, and he knew that when he signed it." *White*, 307 F.3d at 344. Thus, the court dismisses as waived Williams' §2255 ineffective assistance of counsel claim.

Even if Williams's §2255 ineffective assistance of counsel claim was properly before the court, the court finds that Williams has failed to show ineffective assistance of counsel. A valid claim for ineffective assistance of counsel requires a petitioner to demonstrate that: (1) his counsel's performance was deficient; and (2) his counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

As discussed above, Williams was properly assessed the one point criminal history point on his simple battery sentence, and his counsel cannot be considered ineffective for failing to specifically object to this assessment. The court further notes that counsel did file a sentencing memorandum disputing the sentencing guideline calculation and arguing that some of Williams' criminal history points were assessed for pleas to misdemeanors.

Further, Williams received a benefit from the plea agreement which was negotiated by his counsel. The government agreed in the plea agreement not to seek (pursuant to 21 U.S.C. §851) an

enhanced punishment by reason of defendant's prior conviction(s).[5] Williams also received three points for acceptance of responsibility pursuant to U.S.S.G. §3E1.1. Thus, the circumstances surrounding to Williams' guilty plea do not support Williams' claim that the result of the proceeding would have been different if he had not pled guilty and proceeded to Trial.

### III. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that the **"Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence"** filed by Caesar Williams be and is hereby **DENIED.**

New Orleans, Louisiana, this **6th** day of **May, 2009.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[5] A sentence enhancement under 21 U.S.C. §851 would have resulted in a 120 month statutory minimum sentence.